## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**LASHAN DWAYNE LAMARR,**

      **Plaintiff,**

**v.**                                             **Civil Action No. 2:16cv87**
                                                        **(Judge Bailey)**

**BENITA FAYE MURPHY,**
**CRYSTAL LOVE; MICHAEL**
**McCARTHY; MICHAEL J. TRUPO,**
**W.Va. Parole Board Member; HILLARY**
**BROWN, Charleston Parole Officer; and**
**D. McKINLEY, Charleston Parole Officer,**

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, currently incarcerated at the St. Marys Correctional Center, filed this civil rights complaint on October 24, 2016, together with a Motion for Leave to Proceed *in forma pauperis*. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and LR PL P 2, *et seq*

## I. Background

Based on the complaint and attachments, as well as information available on the West Virginia Division of Correction's website, it appears Plaintiff was convicted in the Circuit Court of Kanawha County for the following crimes: A)1st Degree Robbery; B) Bank Robbery; C) Child Neglect Causing Serious Risk of Injury or Death; and D) Felon in Possession of Firearm. Plaintiff was incarcerated and eventually granted a release on parole from the St. Marys Correctional Center on July 7, 2015.

On February 10, 2016, the Parole Board entered an Order of Revocation of Parole. The Order notes that the Parole Board found Plaintiff guilty of five charges of violating the Rules and Regulations governing his release on parole. More specifically, Plaintiff was found guilty of failing to complete an alcohol/substance abuse treatment program as approved by his parole officer; changing his residence without notifying his parole officer; threatening the safety of Jerica Taylor by physically assaulting her; failing to register with the West Virginia State Police within three days of his release; and manifesting behavior which threatened the safety of himself and others that could result in imprisonment by being arrested for the offense of domestic battery. The Order further noted that Plaintiff will again be eligible for parole in December of 2016. ECF No. 1-4. His maximum projected parole discharge date is not available and his projected release date is May 14, 2017.[1]

Plaintiff alleges that the revocation of his parole violated his rights to due process and equal protection.  For relief, Plaintiff asks for immediate release as well as monetary damages. In addition, he requests a jury trial with declaratory judgment curtailing "this activity in the future." Finally, he seeks expungement and "to be prevented from stepping foot in the State of West Virginia ever again!" ECF No. 1 at 9.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court reviews the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii).  Pursuant to section 1915(e)(2), the Court must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to

---

[1]See Offender Search at www.wvdoc.com.

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. <u>See Neitzke</u> at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992)

### III. <u>Section 1983 Action</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, Plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. <u>Rendall-Baker v. Kohn</u>, 547 U.S. 830, 838 (1982).

---

[2] <u>Id.</u> at 327.

3

### IV. <u>Analysis</u>

In a series of cases beginning with <u>Preiser v.Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. §2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a section1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. <u>Preiser</u> 411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  <u>Id.</u> at 494. The court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Id.</u> at 500.

In <u>Heck v.  Humphrey</u>, 512 U.S. 477 (1994), the Court addressed an analogous question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in his suit for damages only under section 1983, a form of  relief not available through a habeas corpus proceeding. Again, the court rejected section 1983 as a vehicle to challenge the lawfulness of a criminal judgment and stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal courts issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under § 1983.

<u>Heck,</u> 512 U.S. at 486-87. (footnote omitted).  The Court further instructed district courts,

in determining whether a complaint states a claim under section 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the District Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. 487 (footnote omitted).   Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit.  Id. at 484.

Following Preiser and Heck, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the reasoning of those two previous cases to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credit, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under section 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, that being the disciplinary finding and punishment. Edwards 520 U.S. at 656-68.

Here, Plaintiff seeks to bring a claim arising out of alleged deprivations of due process in connection with his parole revocation hearing.  The Supreme Court has held that the requirements of due process do apply, in general, to parole revocation proceedings. See Morrissey v. Brewer, 408 U.S. 471 (1972).  Specifically, before being deprived of

liberty through revocation of parole, a parolee is entitled to a prompt preliminary hearing, at or reasonably near the place of the alleged parole violation or arrest, to determine whether there is probable cause or reasonable ground to believe that the parolee has committed acts that would constitute a violation of parole conditions. Morrissey, 408 U.S. at 485.  The determination that reasonable grounds exist for revocation of parole should be made by someone not directly involved in the case, after notice to the parolee, an opportunity for the parolee to speak on his own behalf and to present evidence and witnesses, and to question those who have given adverse information. Id. at 485-87.

A parolee is also entitled to a final revocation hearing which "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Id. at 488.  "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggests that the violation does not warrant revocation." Id. The minimum requirements of due process include "(a)  written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless  the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Id. at 489.

In Wilkinson v. Dotson, 544 U.S. 74 (2005), the Supreme Court  examined the evolution of its holdings from Preiser to Edwards.  The Supreme Court held that the cases,

taken together stand for the following proposition:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)– **if** success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson, 544 U.S. at 81-82.

In the instant case, Plaintiff specifically requests relief in the form of release from custody and  damages, alleging a violation of  due process.  A determination that he was deprived of liberty without due process would necessarily imply the invalidity of his current custody. Accordingly, the claim is premature until such time as the parole revocation decision has been otherwise invalidated.  Therefore, Plaintiff has no chance of success on the merits.

## IV.  Recommendation

In consideration of the foregoing, it is recommended that Plaintiff's complaint be **DISMISSED** as frivolous, and his pending Motion to Proceed *in forma pauperis* [ECF No. 2] be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th

Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of  of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: October 28, 2016.


*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE