**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**LASHAN DWAYNE LAMARR,**

        Plaintiff,

v.                                           **CIVIL ACTION NO. 2:16-CV-87
(BAILEY)**

**BENITA FAYE MURPHY;
CRYSTAL LOVE; MICHAEL
McCARTHY; MICHAEL J. TRUPO,**
W.Va. Parole Board Member; **HILLARY
BROWN,** Charleston Police Officer; and
**D. McKINLEY,** Charleston Parole Officer,

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble. [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed Report and Recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on October 28, 2016, wherein he recommends this Court dismiss Plaintiff's Complaint as frivolous and dismiss Plaintiff's Motion to Proceed *in forma pauperis* as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which an objection is made.

1

However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of service, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service was accepted on October 31, 2016. [Doc. 8]. Plaintiff timely filed his Objection on November 9, 2016. [Doc. 9]. Accordingly, this Court will review the portions of the R&R to which Plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

After reviewing as discussed above, this Court is of the opinion that the magistrate judge's Report and Recommendation should be and is hereby **ORDERED ADOPTED**.

**I.     BACKGROUND**

Plaintiff was incarcerated in St. Mary's Correctional Center after being convicted of: (1) 1st Degree Robbery; (2) Bank Robbery; (3) Child Neglect Causing Serious Risk of Injury or Death; and (4) Felon in Possession of a Firearm. Plaintiff was granted a release on parole on July 7, 2015. On February 10, 2016, an Order of Revocation of Parole was entered against Plaintiff by the Parole Board. This Order found Plaintiff guilty of five violations of the Rules and Regulations governing his parole including: (1) failing to complete an alcohol/substance abuse treatment program; (2) changing his residence

without notifying his parole officer; (3) threatening the safety of Jerica Taylor by physically assaulting her; (4) failing to register with the West Virginia State Police within three days of release; and (5) manifesting behavior which threatened the safety of himself and others that could result in imprisonment by being arrested for the offense of domestic battery. [Doc. 6]. The Order also stated that Plaintiff would again be eligible for parole in December 2016. [*Id.*]. Magistrate Judge Trumble's R&R notes that Plaintiff's projected release date was May 14, 2017. [*Id.*]. According to the West Virginia Division of Correction's website, this projection was accurate, as Plaintiff is no longer listed as being in custody.

Plaintiff alleges that the revocation of his parole represented a violation of his rights to due process and equal protection under 42 U.S.C. § 1983. [Doc. 1]. As relief, Plaintiff requests immediate release and monetary damages. [*Id.*]. However, the request for immediate release would now be moot as Plaintiff has already been released. Additionally, Plaintiff requests a jury trial for declaratory judgment curtailing "this activity in the future." Finally, Plaintiff seeks expungement and "to be prevented from stepping foot in the State of West Virginia ever again!" [*Id.*].

Plaintiff begins his Objection with an admission that this action is premature and that the West Virginia Supreme Court has already been tasked with resolving the issue of the validity of the Revocation via Plaintiff's request that the Supreme Court issue a writ of mandamus compelling production by the West Virginia Attorney General. [Doc. 9]. This is the same production Plaintiff hopes to achieve through compelling discovery via his Objection. [*Id.*]. Next, Plaintiff reaches what appears to be his primary objection, that the Complaint is not only against the defendants in their official capacities, but in their individual capacities as well. According to Plaintiff, this should permit Plaintiff to reach the

3

discovery process regardless of whether the action is frivolous and, therefore, moot. Plaintiff wishes to reach the discovery process as he believes it would allow him to discover evidence which would lead to the invalidation of the Revocation of Parole. [*Id.*]. The Objection ends with a lengthy list of cases asserting that due process should apply in Plaintiff's situation. However, this list seems to be incomplete as it is cut off in the middle of a citation. Further, the Objection contains no signature page. [*Id.*].

## II. DISCUSSION

In his R&R, Magistrate Judge Trumble engages in an in-depth discussion of the development of the body of law surrounding 42 U.S.C. § 1983 as it intersects with the federal habeas corpus statute, specifically the attempts of prisoners to use § 1983 to gain immediate release or damages by challenging the constitutionality of their convictions. [Doc. 6]. However, the issue of Plaintiff's request for immediate release from the St. Mary's Correctional Center is now moot, as Plaintiff's release has already been secured, and does not warrant further discussion. This leaves only Plaintiff's claim for damages stemming from his allegation of a violation of due process. [*Id.*]. Plaintiff objects that this request for relief should be allowed to move forward against the defendants in their individual capacities to allow him to reach the discovery stage, regardless of mootness. [Doc. 9].

### A. Applicable Law

A claim made by a state prisoner is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, here the Revocation of Parole. **Edwards v. Balisok**, 520 U.S. 641, 656-68 (1997). In his R&R, Magistrate Judge Trumble delivers a thorough explanation of the case law leading to the

Supreme Court's decision in **Edwards**, which does not require repetition. [Doc. 6]. In **Wilkinson v. Dotson**, 544 U.S. 74 (2005), the Supreme Court evaluated this chain of case law, and put forth the following synopsis:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)– if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

**Wilkinson**, 544 U.S. at 81-82.

Pursuant to 28 U.S.C. § 1915(e)(2), a case must be dismissed if at any time the Court determines that the Complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A Complaint is frivolous if it is without arguable merit in either law or fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, *pro se* allegations must be read in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations that are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992).

### B. Analysis

Plaintiff's sole concern in his Objection seems to be to compel production by the West Virginia Attorney General in whatever way possible, rather than any real violation of due process. Discovery is a costly and time consuming process which exists as a step in a larger system, not as the end goal of a Complaint. Other methods for compelling

---

[1] **Neitzke** at 327.

production exist, and Plaintiff is clearly aware of these alternatives, such as a writ of mandamus, as they have previously been requested and denied. Violations of due process should not be alleged in a simple attempt to bypass the state court system which has previously ruled against Plaintiff. Such actions hamper judicial efficiency and devalue true Complaints of due process violations.

The effect of success in Plaintiff's present action would be to invalidate the Order of Revocation, bringing it into the scope of **Wilkinson**. In his Objection, Plaintiff argues that his case should be able to proceed against the defendants in their individual capacities. However, if successful, Plaintiff's action would still have the effect of invalidating the Order of Revocation. There would likely be other issues, such as privilege, in such an action, but, as the action is barred by **Wilkinson**, it will never reach the merit of those issues. In order for Plaintiff's § 1983 action to be able to proceed, there would have to be some invalidation of the Order of Revocation from another source, such as the Parole Board, a West Virginia court, or a writ of habeas corpus. Plaintiff's release from custody does not serve as an invalidation of the judgment. If there was such an invalidation, a § 1983 action would be allowed to proceed, though it seems unlikely that Plaintiff would be interested in doing so. As such, the § 1983 action is premature until invalidation has occurred.

Because the action is premature, Plaintiff has no chance of success on the merits. Under **Neitzke**, a claim is frivolous if it is without arguable merit in either law or fact. **Neitzke**, 490 U.S. at 325. The current action is in full accordance with this definition of frivolous, as the action cannot be successful in its current state. Per **Denton**, the action should be dismissed as it is "indisputably meritless" for the reasons previously discussed.

*Denton*, 504 U.S. at 32. A determination that the action is frivolous also accounts for the decision in *Haines* that *pro se* allegations must be read liberally. *Haines*, 404 U.S. at 520. Even a liberal reading of both Plaintiff's Complaint and Objection leads to the conclusion that the action is premature until the Revocation of Parole has been otherwise invalidated and frivolous as there is no chance of success on the merits. Plaintiff's Objection that the action should be allowed to proceed against defendants in their individual capacities to reach discovery is equally without merit. Therefore, Plaintiff's Objection **[Doc. 9]** is **OVERRULED**.

### III.  CONCLUSION

Upon careful review of the R&R, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 6]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the report. Accordingly, this Court **ORDERS** that Plaintiff's Complaint **[Doc. 1]** be **DISMISSED**. Plaintiff's Motion to Proceed *in forma pauperis* **[Doc. 2]** is hereby **DENIED AS MOOT**. Finally, this case is hereby **ORDERED STRICKEN** from the active docket of this Court, and the Clerk is **DIRECTED** to enter judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: June 19, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE